**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES WEBB,

    Petitioner,   Civil No. 2:08-12692
                                HONORABLE GEORGE CARAM STEEH
v.   UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Charles Webb, ("petitioner"), presently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; armed robbery, M.C.L.A. 750.529; and felony-firearm, M.C.L.A. 750.227b. Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offenses following a bench trial in the

1

Detroit Recorder's Court. [1]  Petitioner's conviction was affirmed on direct appeal by the Michigan Court of Appeals. *People v. Webb,* No. 177914 (Mich.Ct.App. May 14, 1996).  Petitioner never filed an application for leave to appeal to the Michigan Supreme Court. [2]

On March 12, 2001, petitioner filed his first post-conviction motion for relief from judgment with the trial court. [3]  After the trial court denied petitioner's motion, the Michigan Court of Appeals denied petitioner's post-conviction appeal on September 25, 2002.  Petitioner did not file a post-conviction application for leave to appeal to the Michigan Supreme Court. [4]

On January 24, 2007, petitioner filed a second post-conviction motion for relief from judgment with the trial court. [5]  After the trial court and the Michigan Court of Appeals both denied petitioner's second post-conviction motion, state collateral review of petitioner's second post-conviction motion ended on April 28, 2008, when the Michigan Supreme Court denied petitioner leave to appeal.

---

[1]  In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 769, n. 1 (E.D. Mich. 2003)(citing *Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999)).

[2]  *See* Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated October 27, 2008[this Court Dkt. # 7-5].

[3]  *See People v. Webb,* No. 93-009336-01 (Wayne County Circuit Court), p. 3 (This Court's Dkt. # 7-1].

[4]  *See* Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated October 27, 2008[this Court Dkt. # 7-5].

[5]  *See People v. Webb,* No. 93-009336-01 (Wayne County Circuit Court), p. 4 [This Court's Dkt. # 7-1].

*People v. Webb,* 480 Mich. 1187; 747 N.W. 2d 273 (2008).

On June 19, 2008, petitioner signed and dated his petition for writ of habeas corpus. [6]

Petitioner seeks habeas relief on the following grounds:[7]

I.  The State Court's determination that Mr. Webb's new exculpatory evidence, in the form of an exculpatory affidavit from Danise Fortune, an eyewitness to the crimes in question, who identifies another person other than Mr. Webb as the person responsible for committing them, "probably would not have caused a different result," was an unreasonable determination of the facts in light of the evidence.

II.  Judge Baxter failed to properly adjudicate and hold an evidentiary hearing on Mr. Webb's claim of actual innocence.

III.  Judge Baxter's adjudication that Mr. Webb's trial counsel was constitutionally ineffective for failing to locate and interview a known witness whose testimony was beneficial to the defense was an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

IV.  Judge Baxter's rejection of Mr. Webb's ineffective assistance of counsel claim in her subsequent ruling denying Mr. Webb's motion for reconsideration, on the ground that counsel's failure to interview Burton did not deprive him of a defense that "might have made a difference in the outcome of the trial," was an adjudication contrary to clearly established federal law as determined by the United States Supreme Court.

---

[6] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on June 19, 2008, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

[7] Petitioner has previously sought habeas relief from a separate conviction for second-degree murder and felony-firearm.  This petition was also dismissed as being time-barred by the statute of limitations contained in 28 U.S.C. § 2244(d). *See Webb v. Cason,* No. 2003 WL 21355910 (E.D. Mich. May 30, 2003)(Cleland, J.); *aff'd* 115 Fed. Appx. 313 (6th Cir. 2004); *cert. den.* 545 U.S. 1120 (2005).

V.  Mr. Webb is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel, where he diligently pursued one in the relevant stages of the state proceedings, but the state courts failed to hold one.

VI.  The Court should proceed to consideration of Mr. Webb's underlying constitutional claim of ineffective assistance of trial counsel where his latest discovered affidavit, which provided the new evidence in support of that claim, establishes the factual predicate And a credible showing of actual innocence for equitable tolling of the statute of limitations.

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F.

Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Michigan Court of Appeals denied petitioner's direct appeal on May 14, 1996. Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). In this case, however, petitioner is not entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999)(citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute of limitations, on August 12, 1996, fifty six days after the Michigan Court of Appeals affirmed his conviction. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner therefore had until August 12, 1997 to file his petition for writ of habeas corpus with this Court, unless the

statute of limitations was otherwise tolled. [8]

Petitioner filed his first post-conviction motion for relief from judgment on March 12, 2001, well after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *Grayson v. Grayson,* 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Grayson*, 185 F. Supp. 2d at 750. Petitioner's second motion for relief from judgment which was filed on January 24, 2007, likewise did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

In the response to the motion to dismiss, petitioner argues that the commencement of the limitations period should be delayed pursuant to §

---

[8] In the motion to dismiss, respondent incorrectly indicates that the Michigan Supreme Court denied petitioner's application for leave to appeal on January 31, 1997 and later denied his motion for reconsideration. A review of the petition, as well as the Rule 5 materials, however, establishes that petitioner did not file an application for leave to appeal the Michigan Court of Appeals' decision affirming his conviction on direct review. Respondent is apparently confusing petitioner's current case with his other second-degree murder conviction, as a review of the opinion denying relief in that case shows that the Michigan Supreme Court rejected petitioner's application for leave to appeal in that case on January 31, 1997 and they later denied his motion for reconsideration. *Webb v. Cason,* No. 2003 WL 21355910, Slip. Op. at * 1(citing *People v. Webb,* 454 Mich. 858, 558 N.W.2d 733 (1997); *reconsideration denied* 454 Mich. 858, 562 N.W.2d 204 (1997)).

2244(d)(1)(D), because petitioner did not discover the factual predicate for his claims until after his direct appeal and his first post-conviction proceedings had ended.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

Petitioner claims that he obtained an affidavit from Kamal Burton, dated August 24, 2001. [9] Mr. Burton was the armed robbery victim in this case, but failed to appear for trial. Burton, however, had given a statement to the police at the time of the shooting, in which he named petitioner as the perpetrator of the murder and the armed robbery. However, in his affidavit, Burton claims that petitioner was not present at the time of the crime and was not the actual shooter. It is worth noting that in signing the affidavit, Burton placed an inmate number, # 244123, next to his name. A search of the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Burton is incarcerated at the Mound Correctional Facility under this inmate number for two 1995 convictions for first-degree murder and felony-firearm. OTIS also indicates that Burton has an alias, "Mauley Mal." Petitioner claims that Burton's affidavit constitutes the factual predicate both for his newly discovered actual innocence claims, as well as his claims that his trial counsel was ineffective for failing to call Burton a witness at his trial.

Petitioner has also provided the Court with an affidavit from Danise Fortune, signed January 3, 2007, by Mr. Fortune, while he was incarcerated at the Chippewa Correctional Facility. [10] Fortune does not indicate what he was

---

[9] *See* Petitioner's Attachment M, attached to the Petition for Writ of Habeas Corpus.

[10] *See* Petitioner's Attachment L.

8

convicted of, but OTIS indicates that he is serving prison sentences from three separate cases for second-degree home invasion, unlawfully driving away an automobile, and operating under the influence of liquor causing death.  It is also worth noting that Fortune has used several aliases, "Danise Porter", and "Danise M. Powell."  Fortune claims that he witnessed the shooting in 1993, when he was twelve years old.  Fortune claims that a man named Deontae Johnson was the perpetrator.  Petitioner alleges in his petition that he was unaware of Fortune until he met Fortune in prison sometime in 2006.  After several conversations, petitioner claims that he learned that Fortune had witnessed the crime and indicated to him that Johnson was the actual shooter. [11]  Petitioner does not indicate the precise month or year that he actually learned this information.  Petitioner claims that Fortune's affidavit supports his newly discovered evidence claims.

In his reply to the motion to dismiss, petitioner has also attached an affidavit of Kareem Williams, dated July 8, 2008, which has never been presented to the state courts.  Williams is currently an inmate at the Straits Correctional Facility.  OTIS indicates that Williams is serving sentences for second-degree murder and felony-firearm.  Williams has a number of aliases, including "15", "51", "5-1". "Black", "Legend", "Prince in Chains", "Tha General", and "Kareem Ali Williams."  Williams claims in his affidavit that he also witnessed the shooting and

---

[11] *See* Petition for Writ of Habeas Corpus, p. 26.

claims that petitioner was not the shooter on the night in question. Williams' affidavit is obviously being used to support petitioner's newly discovered evidence of actual innocence claims. Petitioner does not indicate when he first became aware that Williams had witnessed the shooting.

The Sixth Circuit has suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. *See Ege v. Yukins,* 485 F. 3d 364, 373-74 (6th Cir. 2007)(§ 2244(d)(1)(D) did not delay the commencement of the limitations period with respect to petitioner's ineffective assistance of counsel claim, but delayed the commencement of the limitations period for petitioner's due process claim, when the factual predicate of that claim was discovered at a later date); *See also DiCenzi v. Rose*, 452 F. 3d 465, 469-70 (6th Cir.2006)(holding that statute of limitations on claim that state appellate court improperly denied a motion for delayed appeal under 28 U.S.C. § 2244(d)(1)(D) began on a different date than did the claims that related to issues that occurred at sentencing); *Jackson v. Hofbauer,* No. 2007 WL 391405, * 8 (E.D. Mich. January 31, 2007(§ 2244(d)(1)(D) applied on a claim-by-claim basis).

The Supreme Court has not specifically addressed whether the provisions of 28 U.S.C. § 2244(d)(1)(D) should be applied to the entire habeas application or decided on a claim-by-claim basis. However, in dicta in *Pace v. DiGuglielmo,* 544 U.S. 408, 416, n. 6 (2005), the Supreme Court indicated that § 2244(d)(1)

10

provided one means of calculating the limitation period with regard to the "application" as a whole, namely, § 2244(d)(1)(A)(date of final judgment), but noted that the three other subsections, § 2244(d)(1)(B), § 2244(d)(1)(C); and § 2244(d)(1)(D), required a claim-by-claim consideration for calculating the limitations period. This Court is therefore required to evaluate each of petitioner's claims separately to determine whether the provisions of Section 2244(d)(1)(D) would render any, or all, of the claims timely.

In the present case, petitioner's ineffective assistance of counsel claim that he raises in third, fourth, and fifth claims involving counsel's alleged failure to call Kumal Burton as a witness was known to petitioner, at the very latest, by August 24, 2001, when Burton signed the affidavit. Petitioner does not offer any explanation to this Court why he waited until over five years later to present his ineffective assistance of counsel claim, and Burton's supporting affidavit, to the state courts in his second post-conviction motion. Because petitioner did not present his ineffective assistance of counsel claim to the federal or state courts within one year of becoming aware of the factual predicate of this claim, his third, fourth, and fifth claims are barred by the statute of limitations. *Ege,* 485 F. 3d at 373.

Petitioner's newly discovered evidence of actual innocence claims are not saved by the provisions of § 2244(d)(1)(D) either. Petitioner was aware of the factual predicate for this claim at the time that Burton signed his affidavit on

11

August 24, 2001, in which he claimed that someone else was the shooter. Fortune's and Williams' affidavits are cumulative of this evidence. "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. Moreover, petitioner cannot invoke the provisions of § 2244(d)(1)(D) with respect to either Fortune's or Williams' affidavits, because petitioner does not state when he learned about the underlying facts contained in these affidavits, as opposed to when the affidavits were actually signed. *Id.*

Moreover, even assuming that petitioner did not discover the factual predicate of his actual innocence claims until after he had obtained Fortune's affidavit in 2007 or Williams' affidavit in 2008, he would not be entitled to habeas relief on his first and second claims.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id., See also Hence v. Smith*, 37 F. Supp.2d 970, 980 (E.D. Mich. 1999). Freestanding claims of actual innocence are not cognizable on federal habeas review, absent independent allegations of constitutional error at

trial. *See Cress v. Palmer,* 484 F. 3d 844, 854-55 (6th Cir. 2007)(collecting cases).

Moreover, the Supreme Court's subsequent decision in *House v. Bell*, 547 U.S. 518 (2006) does not alter this Court's conclusion, as the Supreme Court again in that case declined to resolve whether a habeas petitioner may bring a freestanding claim of actual innocence. *Id.* at 554-55.  Although the Supreme Court in *House* noted that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim", *Id.* (*quoting Herrera,* 506 U.S. at 417), the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside of the death-penalty context.  Petitioner is therefore not entitled to habeas relief for his first or second claims under available Supreme Court precedent. *See Wright v. Stegall*, 247 Fed. Appx. 709, 711 (6th Cir. 2007).

Finally, as a related matter, the statute of limitations would not be tolled by any actual innocence exception.  The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327).  For an actual innocence exception to be credible, such

13

a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S.  at 321).

Petitioner's evidence regarding his alleged innocence is extremely questionable.  Petitioner has obtained affidavits from three convicted criminals who are all currently incarcerated.  These affidavits were signed years after petitioner's conviction.  A long-delayed affidavit like these which seeks to exonerate a habeas petitioner and shift the blame for the crime to another person is "treated with a fair degree of skepticism." *Herrera,* 506 U.S. at 423.  In particular, with respect to Burton's recanting affidavit, "[R]easonable jurors no doubt could question the credibility of this about face from another inmate and rationally could discount his testimony as nothing more than an attempt to keep from being 'pegged as a rat' for having originally identified" petitioner as being the gunman. *See McCray v. Vasbinder,* 498 F. 3d 568, 574 (6th Cir. 2007).

More importantly, Darren Thomas and Toni Thomas both identified petitioner as being the shooter at petitioner's trial. In light of the testimony from these two witnesses, petitioner has failed to show that these affidavits from questionable witnesses, which he claims would establish that someone else might have murdered the victim, would establish his actual innocence so as to toll the AEDPA's limitations period, because a finder of fact could still have chosen to credit the testimony of all of the inculpatory evidence against petitioner in this case. *See Chhoeum v. Shannon,* 219 F. Supp. 2d 649, 654-55 (E.D. Pa. 2002); *See also Hernandez v. Trombley,* No. 2007 WL 1041253, * 5 (E.D. Mich. April 4, 2007). [12]

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of

---

[12] Although not completely relevant to this Court's decision, this Court notes that petitioner raised a claim of actual innocence in his previous habeas petition to toll the limitations period in that case, but Judge Cleland rejected petitioner's actual innocence assertions in that case. *See Webb v. Cason,* No. 2003 WL 21355910, Slip. Op. at * 6-7.

15

habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753. Because a plain

16

procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d at 751. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  February 11, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 11, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

17