UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WEBB,

    Petitioner,                        Civil No. 2:08-12692
                                          HONORABLE GEORGE CARAM STEEH
v.                                        UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

      On February 11, 2009, this Court issued an opinion and order summarily dismissing petitioner's application for habeas relief on the ground that the petition had not been filed in compliance with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). This Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. Webb v. Wolfenbarger,* No. 2009 WL 369482 (E.D.Mich. February 11, 2009). Petitioner has now filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is **DENIED**

      U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F.

1

Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

In his motion for reconsideration, petitioner contends that this Court erred in failing to assess whether Dante Fortune's affidavit, signed on January 3, 2007, constituted the factual predicate for his ineffective assistance of counsel claim involving trial counsel's failure to call Kamal Burton as a defense witness at petitioner's trial, so as to delay the commencement of the one year limitations period for his ineffective assistance of counsel claim pursuant to 28 U.S.C. § 2244(d)(1)(D).

Petitioner does not offer any reason why Dante Fortune's affidavit would support his ineffective assistance of counsel claim involving his attorney's failure to call Burton as a witness for his trial. In any event, as this Court indicated in its opinion and order of summary dismissal, petitioner became aware of the factual basis of his ineffective assistance of counsel claim no later than August 24, 2001, when Kamal Burton signed an affidavit claiming that petitioner was not present at the time of the crime and was not the actual shooter. Petitioner had sufficient evidence as of August 24, 2001 to present his ineffective assistance of counsel claim to the state courts, but waited over five years later to present his claim.

Fortune's affidavit, at best, was merely cumulative evidence in support of petitioner's claim. "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Because petitioner did not present his ineffective assistance of counsel claim to the federal or state courts within one year of becoming aware of the factual predicate of this claim, his ineffective assistance of counsel claims are barred by the statute of limitations. *Ege v. Yukins,* 485 F. 3d 364, 373 (6th Cir. 2007).

Petitioner's motion for reconsideration will therefore be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed his petition for writ of habeas corpus and denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration is **DENIED.**

Dated: March 9, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

3

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 9, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk